UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MATTHEW SCOTT QUILLEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18-CV-00045-JRG-CLC |
| CAPTAIN LEE CARSWELL and SULLIVAN COUNTY JAIL, | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Matthew Scott Quillen has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking redress for alleged constitutional violations that occurred while he was housed at the Sullivan County Jail in Blountville, Tennessee [Doc. 1]. This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

## I. SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that while housed in disciplinary segregation at the Sullivan County Jail, Captain Lee Carswell denied him adequate recreation time and adequate access to the kiosk law library, which he needed to prepare for his felony trial [Doc. 1 at 3-4]. He also claims that he was unable to report a Prison Rape Elimination Act incident until the day after it occurred because Captain Carswell would not allow him timely access to a telephone [*Id*. at 4].

Plaintiff also asserts that inmates in disciplinary segregation are fed inadequate amounts of cold food on Styrofoam plates, and that the plates are often left in the cells overnight to attract bugs and mice [*Id*.]. Finally, he contends that he is mentally ill and on a variety of psychotropic medications that require monitoring, but that his blood has never been drawn to check to determine whether the drugs are at a therapeutic or dangerous level, despite his requests that medical staff do so [*Id*. at 5].

## III.    ANALYSIS

First, Plaintiff's complaint of inadequate recreation time fails to raise a constitutional issue, as the Eighth Amendment entitles prisoners only sufficient exercise to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). Plaintiff has alleged that he gets one hour of recreation time daily, and he has failed to allege "that the denial

of recreation caused him any physical injury or placed him at substantial risk of serious harm sufficient to constitute an Eighth Amendment violation." *Hardin v. Ruth*, No. 1:12–cv–30, 2012 WL 5304191, at *6 (E.D. Tenn. Oct. 25, 2012). Therefore, Plaintiff's allegations relating to recreation time fail to state a claim for relief under § 1983.

Second, as to Plaintiff's claim that he is denied access to the law library kiosk, the Court notes that Plaintiff's complaint is that he has to use the kiosk during recreation time and cannot use it at his leisure [*See* Doc. 1 at 4]. However, Plaintiff has no protected right to demand when he will use the facility's kiosk. *Walker v. Mintzes*, 771 F.2d 920, 931-32 (6th Cir. 1985) ("Prison regulations [may] reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of leg[al] papers so long as the regulations do not frustrate access to the courts"). Moreover, Plaintiff has not alleged that he has suffered some legal harm as a result of the restricted access, and therefore, his allegation fails to state a claim upon which relief may be granted. S*ee Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

Third, as to Plaintiff's complaint that he was temporarily denied telephone access, the Court finds nothing in his complaint indicates that he was prevented from reporting the alleged sexual assault incident to prison officials. Moreover, an inmate's right to telephone access "is subject to rational limitations in the face of legitimate security interests of the penal institution." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (citation omitted). Accordingly, Plaintiff's allegation that he was denied access to a telephone for twenty-four hours fails to state a § 1983 claim.

3

Fourth, the Court considers Plaintiff's claim that he is fed cold, inadequately-portioned food on Styrofoam plates. The Court notes that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347. In this case, there is nothing in Plaintiff's complaint to allow the Court to plausibly infer that the jail's food and how it is served poses an unreasonable risk to Plaintiff's health or safety. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated). Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983.

Fifth, as to Plaintiff's claim that his blood has not been drawn to check to determine whether his psychotropic medications are at therapeutic levels, the Court notes that a prison official violates the Eighth Amendment with regard to lack of medical treatment only when he responds with deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). This standard requires that the medical condition be objectively serious, but it also requires that the prison official actually knew and disregarded

the excessive risk to the inmate's health. *Farmer*, 511 U.S. at 837. In this instance, Plaintiff has alleged that jail staff have ignored his medical sick call requests, but his allegation that precautionary testing is necessary fails to demonstrate that jail officials actually knew of and disregarded an excessive risk to his health. Moreover, even if the Court presumed that the failure to provide cautionary testing satisfied both the objective and subjective components of the deliberate indifference standard, Plaintiff has nonetheless failed to establish any damages from the alleged violation. In the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 659 (6th Cir. 1994). Accordingly, this claim should be dismissed.

Additionally, the Court finds that Plaintiff has failed to allege any personal injury because of any of the constitutional violations alleged in the instant complaint. Under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Here, "[e]ven if the [C]ourt presumes that the conditions as alleged by the plaintiff here caused an increased risk of disease and physical ailments, such risk has not been alleged to have resulted in actual physical harm as required to satisfy the PLRA." *See Doker v. Montgomery Cty. Jail*, No. 3:17-cv-947, 2017 WL 3172745, at *2 (M.D. Tenn. July 26, 2017) (internal citations omitted). Therefore, Plaintiff's claims must be dismissed.

Finally, while the Court has found that Plaintiff has failed to state a claim upon which relief may be granted under § 1983, it nonetheless clarifies that Plaintiff cannot maintain suit against the Sullivan County Jail, as a jail is not a person subject to liability under § 1983. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Construing Plaintiff's claims against Sullivan County itself, the Court notes that Plaintiff has not alleged that policies and/or customs at the jail caused the alleged violations, so as to presume the possibility of municipal liability. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Therefore, even if Plaintiff's allegations stated a claim under § 1983, such claims would not proceed against Sullivan County.

## IV. CONCLUSION

As stated above, Plaintiff's complaint fails to state a claim for relief under § 1983, and Plaintiff fails to allege a personal injury to satisfy the requirement of 42 U.S.C. § 1997e(e). Therefore, relief will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE